J-S14026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHAUN MICHAEL SPEARS :
:
Appellant : No. 1602 MDA 2023

Appeal from the Judgment of Sentence Entered October 19, 2023
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000137-2021

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: AUGUST 16, 2024**

Shaun Michael Spears appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas after his entry of a negotiated guilty plea to one count of conspiracy to commit theft.[1] Additionally, counsel has petitioned to withdraw pursuant to **_Anders v. California_**, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel's petition.

On March 2, 2021, Spears was charged by criminal information with conspiracy to commit theft based on events alleged to have occurred on June 28, 2020.

After waiving arraignment, a bench warrant was issued after Spears failed to appear for a scheduled call of the list. A few months later, Spears

---

[1] 18 Pa.C.S.A. §§ 903(a), 3921(a).

was apprehended, and was later released on his previous bail conditions. Another bench warrant was subsequently issued when Spears again failed to appear for call of the list. Over a year later, Spears was apprehended and new bail conditions were imposed.

Finally, on October 19, 2023, Spears entered a guilty plea to conspiracy to commit theft. The court sentenced Spears the same day, in accordance with a negotiated plea agreement, to time served, followed by 36 months of probation. This timely appeal followed. Counsel has since filed a petition to withdraw and an **Anders** brief. Spears has not filed a reply.

Before reaching Spears' issue, we must consider counsel's request to withdraw. **See Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
> > (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

**Id.** (citation and most quotation marks omitted). Further, **Anders** briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" **Commonwealth v. Santiago**, 978 A.2d 349, 360 (Pa. 2009).

Instantly, counsel's **Anders** brief and application to withdraw substantially comply with the applicable technical requirements and reveal he has made "a conscientious examination of the record [and] determined the appeal would be frivolous[.]" **Lilley**, 978 A.2d at 997 (citation omitted). Additionally, the record establishes counsel served Spears with a copy of the **Anders** brief and application to withdraw, and a letter of notice, which advised Spears of his right to retain new counsel or to proceed *pro se* and raise additional issues with this Court. **See id.**; **see also** Petition for Leave to Withdraw as Counsel, 2/20/24, Exhibit A, at 1. Further, the application and brief cite "to anything that arguably might support the appeal[.]" **Lilley**, 978 A.2d at 997 (citation omitted); **see also Anders** Brief, at 9-14. As noted by our Supreme Court in **Santiago**, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of **Anders**. **See Santiago**, 978 A.2d at 360-61.

Having concluded counsel's petition and brief substantially comply with the technical **Anders** requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Lilley**, 978 A.2d at 998 (citation omitted).

The **Anders** brief raises one question for our review: Was Spears' guilty plea knowing, voluntary, and intelligent? **See Anders** Brief, at 7.

"A plea of guilty effectively waives all nonjurisdictional defects and defenses." ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa. Super. 2017) (citation omitted). Moreover, the trial court suggests Spears has waived his claim for his failure to raise it below at any time.[2] ***See*** Trial Court Opinion, 1/8/24, at 3.

"To preserve an issue related to a guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017) (citation, internal quotation marks, and brackets omitted). This rule allows a trial court to correct any errors in the first instance, thereby promoting judicial efficiency. ***See id.***

Instantly, Spears did not challenge his guilty plea at sentencing. Nor did he raise it in a post-sentence motion. Therefore, we deem this issue waived for our review. ***See id.***

Even if not waived, Spears' issue would not merit relief.

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea[.] To withdraw a plea after

_____

[2] The court also suggests Spears waived his issue for failing to request the notes of testimony from the guilty plea hearing be transcribed to enable this Court's review. ***See*** Trial Court Opinion, 1/8/24, at 3; ***see Commonwealth v. Midgley***, 289 A.3d 1111, 1120 (Pa. Super. 2023) ("The appellant's failure to [to ensure the certified record is complete] results in waiver of any claim for which a needed item is absent from the certified record.") (citation omitted). However, we decline to find waiver where Spears' counsel supplemented the certified record upon realizing his failure to request the transcript earlier.

- 4 -

sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008)

(citations, brackets, and some quotation marks omitted).

Trial courts are required to ask the following questions on the record to

ensure a defendant's plea is voluntary, knowing, and intelligent:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty … ?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?
>
> 4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> 6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa. Super. 2023) (citations

omitted).

> The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. ... Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Id.* (citation omitted).

The entry of a negotiated plea is a "strong indicator" of the voluntariness of the plea. *Commonwealth v. Myers*, 642 A.2d 1103, 1106 (Pa. Super. 1994) (citations omitted). "A defendant is bound by the statements he makes during his plea colloquy" and cannot assert challenges to his plea contradicting those statements. *See Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (citation omitted).

Instantly, at the beginning of the plea hearing, the Commonwealth explained the terms of the agreement to the trial court:

> The agreement, your honor, would be for an amended count one, conspiracy to theft, amended to a misdemeanor of the first degree for 36 months restrictive probation, time served in the Franklin County Jail, fines, costs, no alcohol or controlled substances not prescribed by a doctor… the guidelines are RS to less than 12.

N.T. Hearing, 10/19/23, at 2.

Thereafter, during questioning by the Commonwealth, Spears agreed he heard the Commonwealth explain the terms of the agreement to the judge and it was the agreement he wanted the judge to impose. *See id.* at 3-4.

Prior to appearing in front of the court, Spears had signed the 5-page guilty plea colloquy which the Commonwealth introduced at the hearing. In the agreement, Spears confirmed he was entering the plea voluntarily in his own best interest and he was satisfied with the agreement. *See* Guilty Plea Colloquy, 10/19/23, at ¶¶ 21, 22. The guilty plea colloquy identified the permissible sentencing range for the offense charged, which Spears confirmed

he understood. *See id.*, at 1, ¶ 8. Spears agreed he initialed every page, signed the last page, completed the colloquy with his counsel's assistance, counsel answered any questions he had, and he was satisfied with counsel's representation. Spears stated he understood the charge to which he was pleading guilty. *See* N.T. Hearing, 10/19/23, at 3-4.

After the Commonwealth completed his colloquy with Spears, the trial court explained to Spears that he was presumed innocent and he had the right to a trial at which the Commonwealth had the burden of proving Spears was guilty of the charges against him beyond a reasonable doubt. Spears indicated he understood those trial rights, the charge to which he was pleading guilty, and the evidence the Commonwealth would present at trial. Spears answered in the affirmative when asked if he had enough time to discuss his decision to enter the plea with counsel. He stated he understood the court was not bound by the terms of the plea agreement. *See id.* at 5-6.

Spears explained to the court what occurred on the day of the incident and admitted he had conspired to steal something from the victim so he and his co-conspirator could sell it to make money. *See id.* at 6-8. The judge confirmed Spears was not on drugs or alcohol. *See id.* at 10; Guilty Plea Colloquy, 10/19/23, at ¶ 16. Spears stated he understood the plea and did not have any questions. *See* N.T. Hearing, 10/19/23, at 11.

Based on the foregoing, even if Spears' issue were not waived, we agree with counsel it is frivolous where the record reflects Spears knowingly,

- 7 -

voluntarily, and intelligently entered his guilty plea. Our independent review of the record does not reveal any nonfrivolous issues.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/16/2024